**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DANNY GUILLERMO
CLISANCHEZ RIVAS,

*Petitioner*,

v. No. 2:26-cv-02596-SMD-KRS

WARDEN OF THE OTERO
COUNTY PROCESSING CENTER, *et al.*,

*Respondents*.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is GRANTED.

**BACKGROUND**

Petitioner, a citizen of Venezuela, entered the United States sometime prior to October 13, 2023. He incurred a sentence under a state charge for an unnamed incident that occurred on February 15, 2026. Doc. 1 at 2, 7, 13-14. On June 24, 2026, Petitioner was detained by immigration officials and remains detained at Otero County Processing Center in New Mexico. Doc. 1 at 2-3. Petitioner asserts that this ongoing detention violates the Due Process Clause of the Fifth Amendment. Doc. 1 at 3-4.

Respondents do not contest any of the assertions in the Petition nor provide any additional facts. Additionally, Respondents do not advance any arguments regarding danger or risk of flight concerning the Petitioner. *See* Doc. 6. An immigration judge ordered removal on September 1,

2026; Petitioner timely appealed and the appeal remains pending.[1]

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in "custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

### I. Statutory Framework: 8 U.S.C §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—*i.e.*, "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention. *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct.

[1] Executive Office for Immigration Review, *Automated Case Information*, https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 24, 2026, using Petitioner's A-number and nationality).

24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025).

The Tenth Circuit affirmed the Court's understanding of §§ 1225 and 1226 in *Santillan Quiroz v. Mullin*, 180 F. 4th 1226 (10th Cir. 2026). The court held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Id.* at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247.

Because it is undisputed that Petitioner entered the United States more than three years ago and was arrested in the interior of the country, § 1226 governs Petitioner's detention.

II. The Government's Ongoing Detention Violates Petitioner's Fifth Amendment Rights

The Court finds that ongoing detention violates Petitioner's Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

"Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention

here, that reason must rise to the level of a 'strong special justification.'" *Santillan Quiroz*, 180 F.4th at 1249 (citation omitted).

The Government has offered neither a justification nor a formal process for the deprivation of Petitioner's protected liberty interest. The Government's response does not contest any of the assertions in the Petition and does not advance any arguments regarding danger or risk of flight. *See* Doc. 6. Petitioner's time within the country following release creates a constitutionally protected interest that cannot be revoked without providing due process of law.

The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

The Government states that it is "not submitting a brief in opposition to the Petition" and "the Court may then decide to grant the Petition." Doc. 6 at 1. Because Respondents have offered no independent legal basis for continued custody, Petitioner is entitled to relief pursuant to § 2241. *See Ramirez v. Noem*, 829 F. Supp. 3d 949 (D.N.M. 2026).

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Respondents **SHALL** release Petitioner within 48 hours of entry of this order, without any additional conditions or restraints beyond those that existed before Petitioner's unlawful detainment;

3) Respondents **SHALL** provide Petitioner with all personal belongings, facilitate Petitioner's transportation from the detention facility, and provide all identity and travel documents required to allow return to Petitioner's primary address;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without adequate notice and a pre-deprivation hearing before a neutral immigration judge, at which the Government must prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk;

6) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures, including written notice in a language he can understand and the opportunity to challenge his removal and present a fear-based claim;

7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**